· ROBERT L. WESTLAKE, Plaintiff-Appellee, *v.* WILTON MOFFITT, d/b/a CURRAN FARM SERVICES, Defendant-Appellant.

(No. 13004; )

Fourth District—July 31, 1975.

Thomas R. Lamont, of Springfield (Presney, Casper, Helmich & Feurer, of counsel), for appellant.

Richard A. Hollis, of Springfield, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

The plaintiff Robert Westlake and the defendant Wilton Moffitt, doing business as Curran Farm Services, entered into an agreement for a lease of certain improved real estate from Westlake to Moffitt. The term of the lease was to be for one year from February 1, 1973, to January 31, 1974.

Moffitt did not vacate the premises at the end of the original lease period. Westlake made demand on Moffitt for immediate possession of the premises by certified mail dated February 6, 1974. On March 15, 1974, Westlake filed a complaint in forcible entry and detainer to recover possession of the premises pursuant to section 1 of "An Act in regard to forcible entry and detainer" (Ill. Rev. Stat. 1973, ch. 57, § 2). On May 14, 1974, Moffitt filed his answer, affirmative defense, and counterclaim. The counterclaim was later withdrawn upon his own motion.

Trial was set for August 5, 1974. On that date, Westlake moved for a continuance, and that motion was denied. Moffitt moved to dismiss for want of prosecution, and that motion was granted with leave for Westlake to reinstate the action within 30 days. The cause was reinstated on September 3, 1974.

On September 20, the defendant Moffitt suffered a heart attack which was described by his attending physician, Dr. Walter Meyer, as "a severe myocardial infarction."

Trial had been set for September 30, 1974. Upon motion by Moffitt, the trial was continued to November 4, 1974. Moffitt presented an oral motion for a continuance of 3 months, but this motion was denied. The trial date was reset for November 7, 1974. On November 7, 1974, Moffitt presented a written motion for continuance "until he is released from care by his physician." That motion was based upon the contention that Moffitt's absence from trial due to his illness would deprive him of material evidence for his defense. He claims that he and Westlake had entered into an oral agreement for extension of the lease and that he would have so testified at trial. Attached to this motion was a letter from Dr. Meyer which stated that Moffitt was to be very restricted in his activities, that he should avoid tension and stress which could cause chest pain and even death, and that he should not appear in court at that time.

Westlake objected to the motion upon the grounds that there had been considerable delay already, that the nature of the action involved was such that further delay should not be allowed, and that the evidence of Moffitt could have been obtained by deposition. The motion for continuance was denied. The trial was held on November 7 and 8, 1974. Moffitt was represented by counsel at the trial but did not personally appear. On December 10, 1974, the court entered judgment for Westlake and against Moffitt. Moffitt appeals from that judgment. On appeal, Moffitt argues that the trial court abused its discretion in denying his motion for continuance of November 7, 1974.

A motion for a continuance is directed to the sound discretion of the trial court, and that court's ruling will not be disturbed upon appellate review in the absence of an abuse of discretion. *Parker v. Newman,* 10 Ill.App.3d 1019, 295 N.E.2d 503; *Griffith v. YMCA,* 7 Ill.App.3d 1040, 288 N.E.2d 718.

■■ As one reason to reverse, Moffitt has asserted that his absence from trial jeopardized his case because he was not able to assist his counsel in the management of his defense. That proposition was not urged in the motion for a continuance and was not argued in the trial court. The sole basis for the motion below was the materiality of the testimony which Moffitt would present. A party will not be permitted to argue one theory

to the trial court and another to the appellate court. *Kravis v. Smith Marine, Inc.*, 60 Ill.2d 141, 324 N.E.2d 417.

■■ Westlake justifies the trial court's denial of the motion for a continuance on the theory that the motion was not supported by an affidavit as required by Supreme Court Rule 231(a).

> "If either party applies for a continuance of a cause on account of the absence of material evidence, the motion shall be supported by the affidavit of the party so applying or his authorized agent. The affidavit shall show (1) that due diligence has been used to obtain the evidence, or the want of time to obtain it; (2) of what particular fact or facts the evidence consists; (3) if the evidence consists of the testimony of a witness, his place of residence, or if his place of residence is not known, that due diligence has been used to ascertain it; and (4) that if further time is given the evidence can be procured." (Ill. Rev. Stat. 1973, ch. 110A, § 231(a).)

However, Westlake cannot rely upon that ground in this court because he did not raise such objection in the trial court. Yet, although Westlake has waived the formal requirement that an affidavit in support of the motion accompany it, Westlake cannot be considered to have waived the substantive requirements for the content of affidavits filed pursuant to Rule 231(a). The written motion itself attempted to meet the standards of an affidavit supporting a motion for a continuance to obtain material evidence, and Westlake objected to the motion. Moffitt's motion alleged that Moffitt had suffered a heart attack and had not been at fault in delaying the trial and that Moffitt was a material witness because his defense was based upon an oral lease between Moffitt and Westlake. The motion requested a continuance until Moffitt was released from care by his physician. However, the motion as written did not specify the facts to which Moffitt would testify, and it did not state if, or when, Moffitt would have been available for trial. To the contrary, the motion sought an indefinite delay until Moffitt was released by his physician, and that could have been at any time.

We must also note that the nature of the action for possession of real property involved here is the kind of action which requires prompt judicial resolution. Under such circumstances, we cannot conclude that the trial court's denial of the motion was an abuse of discretion.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

SIMKINS, P. J., and CRAVEN, J., concur.