PHILIPP BERGAN, Plaintiff-Appellant, *v.* VIBEKE BERGAN,
Defendant-Appellee.

Fifth District   No. 76-48

Opinion filed October 26, 1976.

William B. Wham, of Wham & Wham, of Centralia, for appellant.

Charles W. King, of King, McCarthy and Billeaud, of Edwardsville, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

On August 12, 1974, plaintiff, Philipp Bergan, filed a complaint for divorce in the circuit court of Marion County against defendant, the former Vibeke Bergan now Vibeke Bettmann. The complaint sought in addition to the divorce, temporary custody of the parties' four minor children. On October 1, 1974, based on service by publication, the trial court found defendant in default and entered judgment granting plaintiff a divorce. In addition, the court found plaintiff a fit and proper person and awarded custody of the children to him. On October 22, 1974, defendant filed a petition to vacate the divorce decree which contested plaintiff's fitness to have custody and alleged defendant's own fitness as a mother. The trial court denied defendant's petition to vacate but also ruled that the question of custody, visitation, support, property division and other ancillary matters were "opened up" and that evidence was to be offered by both parties as to these matters. Thereafter defendant filed a petition seeking custody of the children, child support, a division of property and attorney's fees. A hearing was held at which both parties presented evidence on the matters stated. Following the hearing, the trial court entered a second decree awarding defendant custody of the two youngest children, child support, attorney's fees and a division of property. Plaintiff appeals from the second decree entered by the court.

Plaintiff's first contention involves the custody order of the trial court. The facts briefly stated show that plaintiff and defendant were married on April 19, 1955. From their union came four surviving daughters, who were ages 17, 16, 13 and 9 at the time the second decree was entered. During 1974, defendant had an affair with her present husband. She testified that this affair was the result of an unhappy marriage. Upon revelation of this

affair to plaintiff, it was agreed that defendant would return to her native country, Denmark, for a temporary stay. During the several months defendant was in Denmark, plaintiff filed the complaint for divorce. Soon after receiving notice that the divorce decree had been entered, defendant returned to the United States, employed counsel and filed her petition to vacate the divorce decree. At the hearing pursuant to the trial court's order opening up the question of custody, both parties presented evidence of their character and fitness, their affection for their children, and their future plans. The trial court also privately questioned each of the children off the record. Thereafter as noted the custody of the two youngest children was awarded to defendant and the custody of the two oldest children was awarded to plaintiff.

Although the hearing was treated as an original adjudication of the custody issue, plaintiff now contends for the first time in this appeal, that the second decree in fact resulted in a modification of the original custody order and that it should be reversed because defendant failed to show a sufficient change of circumstances since the time of the entry of the first decree.

The question of custody was originally adjudicated in an *ex parte* proceeding. Defendant's petition to vacate was filed 22 days after entry of the default divorce decree. It appears that the trial court while denying the petition in regard to the divorce, intended to open the custody question pursuant to section 50 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 50; see *Widicus v. Southwestern Electric Cooperative, Inc.*, 26 Ill. App. 2d 102, 167 N.E.2d 799.) While we do not question the adequacy of the record upon which the original custody order was based (see *McDonald v. McDonald*, 13 Ill. App. 3d 87, 299 N.E.2d 787), it is significant to note that the same judge who entered the custody order felt it desirable to open up the order so that "evidence may be offered by both parties." Plaintiff raises no dispute concerning the propriety of the court's order, and the record shows that both parties treated the hearing as if it were an original adjudication of the custody question rather than a hearing to modify a custody order.

■■ It is well settled that the theory upon which a case is tried in the lower court may not be changed on appeal and that an issue not presented to or considered by the lower court generally cannot be raised for the first time on review. (*Kravis v. Smith Marine, Inc.*, 60 Ill. 2d 141, 324 N.E.2d 417; see *Hux v. Raben*, 38 Ill. 2d 223, 230 N.E.2d 831.) Since plaintiff had acquiesced in a readjudication of the custody question and defendant had therefore not been expected to show a change of circumstances, plaintiff may not now contend that defendant failed to make such a showing.

■■ The foundation upon which our law relating to child custody questions is built is the goal of serving the best interests of the child. (*Nye*

*v. Nye*, 411 Ill. 408, 105 N.E.2d 300.) To accomplish this end, the trial court exercises broad judicial discretion in awarding the custody of children. (*Fears v. Fears*, 5 Ill. App. 3d 610, 283 N.E.2d 709.) The finality of such judgments is important since with the passage of time, the child establishes around himself a stable physical and emotional environment in terms of his home, school and community. However, while much weight attaches to continuity, the welfare of a child may better be served by a modification of the custody order, when based on a sufficient showing of a change in circumstances since the time the order was entered or on a showing of material facts existing at the time of the order but unknown to the court. (*Collings v. Collings*, 120 Ill. App. 2d 125, 256 N.E.2d 108; *Peraza v. Tovar*, 13 Ill. App. 2d 405, 142 N.E.2d 165; *Harms v. Harms*, 323 Ill. App. 154, 55 N.E.2d 301.) Defendant filed her petition 22 days after the original custody order was entered, contesting plaintiff's fitness while alleging her own fitness. Under the circumstances we cannot say that the best interests of the children were not served by the court's order opening up the issue.

■■ Plaintiff also contends that the trial court's award of the custody of the two youngest children to defendant was against the manifest weight of the evidence. The briefs of both parties extensively attempt to characterize each other's conduct as immoral and as the cause of the dissolution of the marriage. After a careful review of the record we find no evidence of any probable future misconduct on the part of defendant. The prior misconduct of defendant gave no evidence of adverse effect on the future welfare of the children. On the contrary, the evidence shows defendant to be an affectionate, caring and dutiful mother who is devoted to her children. (*Nye v. Nye*, 411 Ill. 408, 105 N.E.2d 300.) We note in this regard, that the trial court had before it letters of the children to their mother, heard and saw the witnesses and conferred with the children and presumably exercised his discretion with the best interest of the children in mind; and there is no showing that the custody award was contrary to the best interests of the children. We consequently find plaintiff's contention to be without merit.

■■ Plaintiff next contends that the trial court's order granting defendant child support payments of $250 per month per child, was excessive and against the manifest weight of the evidence.

The evidence shows that plaintiff was once an owner of a business, Bergan Built, Inc., which in 1971 was taken over by another company. In 1973, plaintiff lost his position as president of the corporation and has since that time begun a new business providing an automotive diagnostic service. Although plaintiff testified that the automotive diagnostic service does little business, there is no evidence of the profit or income plaintiff now derives from the new business. The evidence also shows that plaintiff owns the beneficial interest in certain improved real estate under

lease to Bergan Built which produces a monthly rental income for plaintiff of $2,500. The only evidence of the value of the property is an option to purchase in the lease setting forth a purchase price of $200,000. At the time the second decree was entered the property was subject to a mortgage balance of approximately $110,000. Evidence shows that from the rent, plaintiff pays $1,859.80 per month on the mortgage. It also appears that plaintiff still owns stock in Bergan Built, Inc., but plaintiff testified that the stock is now worthless.

At the time of the hearing, defendant was unemployed. She testified that in her opinion it would cost $1,000 per month to support all of her children. No other evidence was presented showing the financial needs of the children.

In general, the trial court, in exercising its discretion when awarding child support, must accommodate insofar as possible the needs of the parties and children with the available means of the parties giving due regard to their stations in life. (*Everett v. Everett*, 25 Ill. 2d 342, 185 N.E.2d 201.) We find, however, that the record in the case at bar is vague about the assets and incomes of both parties as well as to the needs of the parties and their children. Little evidence was presented showing what independent assets defendant may have had, if any, although we note that she was able to rent a house following the divorce despite her unemployment. In addition, it appears that the full extent of plaintiff's assets and, as we mentioned, his income were not made known to the trial court. Even following the hearing, during argument on plaintiff's post-trial motion, the court felt compelled to state:

> "I want to know what his assets are and what his financial ability is and what it has been in the past and what he has done with his money, and if he has got any, where it is invested * * *."

Moreover, little evidence was presented showing what the expected needs of the parties and their children were, except for defendant's opinion that she would require $1,000 per month child support if she were to have custody of all four children. We note that defendant, in her brief on appeal, argues that the evidence supports the award but that if plaintiff actually is unable to pay, she "yields."

In consideration of the foregoing we reverse and remand the portion of the decree providing child support for a rehearing. We trust that on rehearing evidence will be presented showing the assets and income of the parties as well as their needs and the need of support of their children.

Likewise, the award of attorney's fees to defendant should be reviewed in the light of comparative ability of either party to pay.

Plaintiff next contends that the trial court erred in its division of the property.

The evidence shows that defendant worked part-time for her husband's

company during 1966. From January 1967 to January 1973 she worked full-time for the company and earned $150 a week, all of which exceeded $40,000 and was used to pay family expenses. In addition, around 1968, defendant inherited $9,070.12, all of which was also used to pay family expenses. The trial court ordered plaintiff to repay the inheritance to defendant. The court also awarded defendant one half of the equity in the parties jointly owned home which half amounted to $8,250 as well as one-half of the household items, houseboat, motor home, deck boat and other similar items of personal property. The court, on the other hand, found that defendant has no special equity or other interest in the real property leased to Bergan Built, the automotive diagnostic business property, and in an Airstream Camper.

■■ The plaintiff contends that the court erred in not conveying to plaintiff a greater portion of the jointly owned parties' home, specifically three-fourths thereof, and that the court erred in conveying one-half of the personal property, as shown above, to defendant. After a careful review of the record we find ample evidence supporting the court's division of the property. While the bulk of the property was retained by plaintiff, the property that was conveyed to defendant was clearly indirectly acquired through defendant's contribution of her salary to be used to pay family expenses. (*Cross v. Cross*, 5 Ill. 2d 456, 125 N.E.2d 488; *Pohren v. Pohren*, 40 Ill. App. 3d 1063, 353 N.E.2d 6.) The award in this case represents a fair division of property.

Plaintiff additionally contends that certain items of personal property which were divided between the parties, did not in fact exist. We find that there was no evidence showing the existence of two speed boats which, under the decree, were to be equally divided. It was undisputed during the argument on plaintiff's post-trial motion that the inclusion of these items was a mistake. Consequently, we affirm the portion of the decree dividing the parties' property with this one exception, which we reverse.

Plaintiff lastly contends that a new trial is warranted because of a letter written by defendant and sent to the court. Subsequent to the date that the trial court announced what its judgment would be but prior to the date that a written decree was entered, the court received the letter from defendant expressing deep appreciation for the determination made. The court immediately informed plaintiff of the letter. Thereafter, the decree was entered reflecting no change from the prior announcement, without objection or motion for mistrial by plaintiff.

■■ Citing no authority, plaintiff argues that the instant facts are analogous to an attempt to influence a jury. We note, however, that plaintiff does not and could not contend that he was in any way prejudiced by the receipt of the letter. Secondly, plaintiff does not and could not argue that the court's actions show even the appearance of impropriety. Thirdly, the

record shows that plaintiff first objected to the letter only in his post-trial motion. Finally, the letter itself cannot be characterized as an attempt to influence but is merely a letter of thanks for the announced determination of the court. While defendant deserves criticism for sending the letter, a new trial is not warranted under the circumstances here.

Consequently, we affirm those portions of the decree of the circuit court of Marion County awarding custody and dividing the property with the exception of the award to defendant of one-half of two speed boats, which we reverse, and we reverse and remand for a new hearing those portions of the decree awarding child support and attorney's fees.

Affirmed in part, reversed in part and remanded for a rehearing.

KARNS, P. J., and JONES, J., concur.