*In re* MARRIAGE OF LORETTA FRANCIS BOONE, Petitioner-Appellee, and WENDELL JOHN BOONE, Respondent-Appellant.

Third District   No. 79-896

Opinion filed July 22, 1980.

John M. Telleen, of Katz, McAndrews, Durkee & Telleen, of Rock Island, for appellant.

Dorothea O'Dean and Franklin S. Wallace, both of Rock Island, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Loretta Francis Boone, petitioner, initiated this action for dissolution against Wendell John Boone, respondent, in the circuit court of Rock Island County. After the second stage of a bifurcated hearing the court entered an order dividing marital property and providing for custody, support, maintenance and attorney fees. Respondent appeals from that order.

The order entered below which triggers respondent's objections was based upon an opinion issued by the trial court on December 26, 1978, and supplemented August 24, 1979. Therein the judge below found that the best interests of Mr. and Mrs. Boone's minor children—Elizabeth and Rene—would be served if petitioner were granted custody subject to respondent's right of visitation. Subsequently, upon agreement of the parties, petitioner and respondent were granted joint custody of daughter Elizabeth. In his role as the noncustodial parent of Rene, the court ordered respondent to pay child support of $35 per week and all medical and dental expenses of the minors.

The same opinion provided that respondent should pay $100 per week to petitioner by way of maintenance, as well as a portion, *i.e.*, $625, of petitioner's attorney fees.

The court below determined that all of the assets of the parties were marital assets within the statutory definition of section 503 of the Marriage

and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 503). The principal assets were a marital home, an insurance business, a lot in Arkansas, three autos, savings accounts and bonds, gold certificates, gold coins and household furnishings. The court found that both parties contributed substantially to the acquisition of those marital assets.

The circuit court further determined that the petitioner was employed, her take-home earnings at the time of the hearing were approximately $95 per week, and her financial needs totaled $1,050 per month.

Respondent operated an insurance business affiliated with State Farm Insurance Company. His income, which has increased each year, was $27,557 in 1977 and $19,317 for the first eight months of 1978. Respondent testified that his interest in the insurance business was not a saleable item, but that if he severed his relation with State Farm, either voluntarily or by death, he would receive 20% of premium renewals each year for five years.

In light of this background, and recognizing that it was dissolving a marriage of 18 years' duration, the lower courts awarded the petitioner the marital home, one auto, the savings accounts and bonds, and the home furnishings. Respondent was awarded his business, two autos, the Arkansas lot, the gold certificates and the gold coins. The respondent raises several complaints regarding this division of property.

One objection centers about the court's findings regarding the insurance business. The circuit court concluded:

> "* * * that respondent does have a business that is marital property. The evidence, including respondent's contract with State Farm, shows that respondent is 'an independent contractor' and not an employee, with full control of his daily activities, the right to exercise independent judgment as to time, place and manner of soliciting insurance, and servicing policy holders, office expenses to be incurred at his discretion and expense. The fact that he maintains his own office, has a clientele, has increased his income each year are all evidence of a 'business' that has value.
>
> * * *
>
> There is no evidence upon which the court can determine a dollar value of the aforesaid business."

It is suggested by respondent that this record contains no proper evidence of valuation upon which appellate review of the disposition of property can be based, and we agree.

■■ ■ The lower court concludes that the insurance business has value but that the evidence does not establish what that value is. In a recent case, which also coincidentally involved an insurance proprietorship, it was held that where there was no proper evidence of the business'

valuation in the record, there was no basis upon which the appellate court could review an award of maintenance. (*In re Marriage of Leon* (1980), 80 Ill. App. 3d 383, 399 N.E.2d 1006.) The *Leon* court remanded the case with specific instructions to take evidence establishing the value of the insurance business. Although the issue of valuation is here raised in the context of the division of marital property rather than an award of maintenance, it is our previously stated view that "valuation of marital property is necessary in order to reach a just apportionment except where the parties are awarded percentage interests in a particular item." (*In re Marriage of Donley* (1980), 83 Ill. App. 3d 367, 370, 403 N.E.2d 1337, 1339.) Accordingly, we believe a remand of the instant case must be ordered to allow the lower court to attach a valuation to the primary marital assets of the parties, such assets expressly including but not limited to the insurance business. Establishing such valuations is properly a matter for the trial court to determine. (*In re Marriage of Ayers* (1980), 82 Ill. App. 3d 164, 402 N.E.2d 401.) Further, to achieve a just apportionment (see Ill. Rev. Stat. 1979, ch. 40, par. 503), modification of the previously ordered disposition of marital property is hereby authorized as a part of our mandate if, upon remand, such modification is dictated by the evidence elicited on valuation.

Other issues raised in respondent's brief, those regarding maintenance, child support, and attorney fees, are not today ripe for review. Our consideration of these issues should properly be delayed pending a final determination of the division of property. *In re Marriage of Clearman* (1980), 85 Ill. App. 3d 584, 407 N.E.2d 189; *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 397 N.E.2d 488.

The Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 101 *et seq.*) is still relatively new to the bench and bar of our State, and its contours are being defined and refined almost daily by the reviewing courts. Both of the decisions which compel today's result, *Leon* and *Donley*, were decided subsequent to the hearing below and thus were not available to guide the learned trial judge and able counsel. Nonetheless, *Leon* and *Donley* are now part of the body of law of this State, and as a result a remand is necessitated.

Reversed and remanded.

ALLOY, P. J., and BARRY, J., concur.