*In re* MARRIAGE OF MARIE T. WALSH, Petitioner-Appellee, and EDMUND P. WALSH, Respondent-Appellant.

First District (5th Division)   No. 81—2398

Opinion filed September 10, 1982.

Staehlin, Jantorni & Sullivan, of Chicago (John M. Sullivan and Susan L. Jantorni, of counsel), for appellant.

Maureen J. McGann-Ryan, Ltd., of Chicago, for appellee.

JUSTICE WILSON delivered the opinion of the court:

This is an appeal from a bifurcated trial where the trial court entered its judgment for dissolution of marriage making specific findings as to the disposition of property, maintenance, educational expenses and attorney fees. Respondent presents these issues for review, that the trial court (1) abused its discretion in providing for the disposition of property; (2) abused its discretion in providing for maintenance for petitioner; (3) abused its discretion in providing for maintenance and educational expenses for two adult children; (4) abused its discretion in providing for the payment of attorney fees; and (5) abused its discretion in the totality of its judgment for dissolution of marriage. The pertinent facts follow.

The parties were married on January 29, 1949, and have five children. Only two are currently college students. Petitioner is 53 years of age and is currently employed as a part-time sales clerk earning approximately $11,000 gross per year. Respondent is 62 years of age and currently earning approximately $26,000 gross per year. Peti-

tioner filed for divorce on January 25, 1979, and a judgment was entered by the trial court on October 10, 1980. The judgment provided that, pending further order of the court, exclusive possession of the marital residence would be awarded to petitioner, based upon a specific finding that her mental and physical well-being was endangered by respondent's continued habitation in the residence.

On December 17, 1980, an order was entered setting the sum of $100 per week as unallocated child support and maintenance and further setting January 7, 1981, for a pretrial conference. No record of proceedings was transcribed on that day nor was there any record of proceedings transcribed on January 7, 1981. On February 11, 1981, petitioner filed a verified petition indicating the amount of temporary support was inadequate and requesting that respondent pay her one-half of his net income. The petition was entered and continued until March 6, 1981, at which time an order was entered requiring both parties to produce certain documents. However, no report of proceedings was made for that date. The matter was continued until May 13, 1981, at which time the report of proceedings indicated that the court advised them to produce a stipulation. The stipulation was submitted on or about May 20, 1981, along with a document listing the expenses of petitioner and children and an attorney's affidavit in support of a request for attorney fees.

During the final in-chambers conference, the trial court directed that a judgment be drafted setting forth the terms of its ruling which was entered on July 8, 1981. Respondent filed a timely post-trial motion requesting a rehearing or modification of the judgment. On September 14, 1981, the court heard argument on this motion and denied it. The judgment in pertinent part provides that:

*Support and Maintenance*
(1) Respondent is to pay petitioner $550 per month retroactive to October 10, 1980, as unallocated family support payments for petitioner and the parties' minor daughter, Margaret. An arrearage of $900 shall be paid instanter.
(2) After September 1, 1981, respondent is to pay petitioner the sum of $400 per month maintenance, terminated only by the death or remarriage of petitioner.

*Educational Expenses and Maintenance*
(1) Respondent is to pay 75% of the college education expenses for Maureen and Margaret, including tuition, room, board, books, fees and cost of three round-trips between college

and home per year.

(2) Respondent shall be solely responsible for all extraordinary medical and dental expenses for Margaret and Maureen until they graduate from college, and shall maintain major medical and hospitalization insurance coverage for them.

(3) Respondent shall pay current dental bill of $140 for Margaret and Maureen.

(4) Respondent shall maintain a total face amount of $15,000 in life insurance for minor [sic] children while they are in college, naming them as irrevocable beneficiaries of one-half the proceeds.

*Disposition of Property*

A. *Personal Property*

(1) Petitioner is awarded all furniture and furnishings in the marital home. (No valuation given.)

(2) Petitioner is awarded a 1980 Chevrolet and respondent is awarded a 1978 Ford. (No valuation given.)

(3) Each party is awarded his respective retirement plan, and respondent is awarded his IRA account of approximately $11,000.

(4) Petitioner is awarded a bank account at First National Bank of Chicago with a balance of $5,648, and respondent is awarded a bank account at the First National Bank of Lincolnwood with a balance of $1,570 which he owns with his sister.

(5) Shares of stock having an aggregate approximate value of $1,240 are to be divided equally between the parties.

(6) Respondent is to name petitioner as irrevocable beneficiary under life insurance in the total face amount of $15,000 for one-half the proceeds while the children are in college and for all of the proceeds thereafter, and respondent may not borrow against the policy.

B. *Real Property*

(1) Exclusive possession of the marital home (valued at $95,000) is awarded to petitioner until June 1, 1986. Thereafter, the home is to be sold, and the net proceeds are to be divided 60% to petitioner and 40% to respondent. The home is unencumbered.

(2) Until the real estate is sold, respondent is to pay 40% of all real estate taxes, special assessments, homeowner's insurance and extraordinary maintenance and repairs.

C. *Nonmarital Property*
   (1) Respondent is assigned his nonmarital property which he inherited consisting of a one-half interest in a two-flat building having a full value of $80,000 and a 1940 Ford automobile. (No valuation given.)

*Attorney Fees*
   (1) One thousand six hundred fifty shares (1,650) of United Group stock, having a value of $9.50 per share, owned by the parties jointly are to be sold, and the proceeds are to be delivered to petitioner's attorney. Twelve thousand dollars ($12,000) of the proceeds is to be paid to petitioner's counsel for attorney's fee, and the balance to respondent's counsel as attorney fees. The parties are solely responsible for the balance of any other fees which may be due their respective attorneys.

OPINION

Respondent argues that the trial court abused its discretion in apportioning the disposition of property, in contravention of the factors set forth in section 503 of the Illinois Marriage and Dissolution of Marriage Act, hereinafter referred to as the "Act" (Ill. Rev. Stat. 1981, ch. 40, par. 503). Specifically, he contends that the trial court did not have evidence of the valuation of the exclusive possession of the marital home for five years, the current values of the pension plans and IRA account, the values of the automobiles, and the value of furniture and furnishings. Petitioner has argued that respondent did not request an evidentiary hearing on the issues of property, maintenance and support, and thus he waived these issues.

■ The Act requires that a trial court divide the marital property between the spouses in "just proportion" without regard to fault. In order to apportion marital assets under section 503, the proper value of such assets must be established. (*In re Marriage of Donley* (1980), 83 Ill. App. 3d 367, 403 N.E.2d 1337.) Where evidence in the record is lacking as to proper valuation, then there is no basis upon which a reviewing court can determine the propriety of a trial court's award of marital property. (*In re Marriage of Boone* (1980), 86 Ill. App. 3d 250, 408 N.E.2d 96.) Further, failure to offer evidence on the value of such assets does not waive respondent's right to appeal on this issue. (See *In re Marriage of Kundit* (1982), 107 Ill. App. 3d 310, 437 N.E.2d 777.) Thus, absent sufficient evidence of the present value of these assets, an award of interest in such assets is inappropriate un-

der section 503. *In re Marriage of Evans* (1981), 85 Ill. 2d 523, 426 N.E.2d 854; *In re Marriage of Kundit.*

■ Accordingly, we must remand this cause to the trial court for the purpose of receiving evidence concerning the marital assets in question and then to apportion them in equitable proportions. We point out that the trial court should consider but need not make specific findings as to each of the 10 factors in making the disposition of marital property and the assignment of nonmarital property. (*In re Marriage of Lipsch* (1980), 86 Ill. App. 3d 81, 407 N.E.2d 1028.) Nor does section 503 of the Act mandate a 50-50 division of property. *In re Marriage of Stallings* (1979), 75 Ill. App. 3d 96, 393 N.E.2d 1065.

■ The related issues of maintenance to petitioner and the minor child and the payment of educational expenses are directly affected by the final property disposition since these awards are substantially dependent upon the financial resources of the parties, including marital property. (Ill. Rev. Stat. 1981, ch. 40, pars. 504(b)(1), 505(a)(2), 508(a), 513.) As such the maintenance and support awards should be reevaluated by the trial court so that it may properly consider any changes required in the disposition of such property. *In re Marriage of Kundit.*

Lastly, respondent argues that the trial court abused its discretion in providing for payment of attorney fees to petitioner's attorney and to his attorney, in contravention of section 508 of the Act. The judgment provided that 1,650 shares of United Group Corporation stock are to be sold, of which $12,000 of the proceeds is to be paid to petitioner's attorney and the balance paid to respondent's attorney. The parties were each to be responsible for any fees over and above this amount. Specifically, respondent contends that the court abused its discretion in ordering the sale of this stock for payment of attorney fees, and moreover, the award is unreasonable and excessive, ordered without the benefit of notice and hearing.

Section 508(a) of the Act authorizes the court to provide for reasonable attorney fees after considering the financial resources of the parties and after due notice and hearing. Since we are remanding the property issue for reconsideration, of necessity this issue must be reevaluated. However, the real concern in this issue is the propriety of the court's order directing that stock, a marital asset, be sold in order to directly satisfy the payment of fees.

■ We have reviewed this paragraph and the Historical and Practice Notes following (Ill. Ann. Stat., ch. 40, par. 508, Historical and Practice Notes, at 635-40 (Smith-Hurd 1980)), and find no such authority. Subsection (c) of this paragraph empowers the court to order

that fees and costs be paid directly to the attorney, who may then enforce such order in his own name. It does not empower the court to order an asset sold for the direct payment of fees. This stock should have been apportioned by the court under section 503(c).

Furthermore, it was error for the court to award fees to respondent's attorney, who did not file a petition for fees in accordance with section 508(a), requesting that the court award him fees for services.

For the foregoing reasons, we reverse and remand this matter to the trial court for the purpose of receiving evidence concerning the value of the marital assets and then to apportion them, to reconsider the issue of reasonable attorney fees, and for such other proceedings consistent with this opinion.

Reversed and remanded.

SULLIVAN, P. J., and MEJDA, J., concur.