(No. 52509.—

*In re* ESTATE OF VIRGINIA THATCHER MORGAN, Deceased (John Alden Morgan, Ex'r, Appellant, v. Continental Illinois National Bank & Trust Company of Chicago, Trustee, *et al.*, Appellees).

*Opinion filed September 29, 1980.*

CLARK, J., took no part.

Edward U. Notz, of Chicago, for appellant.

Thomas J. Godfrey, Jr., of Nisen, Elliott & Meier, of Chicago, for appellee Continental Illinois National Bank & Trust Company of Chicago.

Thomas S. Chuhak, of Chicago, guardian *ad litem*, *pro se*.

MR. JUSTICE MORAN delivered the opinion of the court:

John Alden Morgan, executor of the estate of Virginia Thatcher Morgan, deceased, seeks to disclaim the decedent's interest in the estate of Dorothy O. Thatcher pursuant to the recently amended disclaimer provision of the 1975 Probate Act (Ill. Rev. Stat. 1977, ch. 110½, par. 2—7). The circuit court of Cook County denied the executor leave to disclaim, and the appellate court affirmed. (74 Ill. App. 3d 853.) We granted the executor leave to appeal.

Dorothy O. Thatcher died testate on April 7, 1977, leaving the residue of her estate, valued at approximately $160,000, to her daughter, Virginia Thatcher Morgan. The will provided, however, that if Mrs. Morgan should predecease her mother, the property was to go to Mrs. Morgan's two daughters, Pamela A. Johnson and Diana M. Senior. Mrs. Morgan survived her mother but died on July 31, 1977. Her husband, John Alden Morgan, was appointed executor of her estate and also succeeded her as executor of her mother's estate. By her will, Mrs. Morgan

left the residue of her estate to the Continental Illinois National Bank & Trust Company of Chicago (trustee), as trustee of the Morgan trust. At that time, the Morgan trust already contained $154,000, representing the proceeds of an insurance policy on the life of Mrs. Morgan, as well as insurance policies on the life of Mr. Morgan, in the face amount of $250,000. The trust provides, in effect, that after Mr. Morgan's death the trust property is to be held in separate trusts for the benefit of Pamela and Diana during their respective lifetimes. The trustee is given the discretion to pay to each daughter any of the trust income for each daughter's benefit and, if the income is insufficient, to pay to each daughter so much of the principal as is required for her reasonable support or best interests. Distributions of principal, however, for other than reasonable support, are not to exceed in the aggregate 25% of the trust principal. Each daughter is given a testamentary power of appointment over her share upon her death, but such power is limited to appointment to Mrs. Morgan's descendants. If either daughter would fail to exercise her power of appointment, that daughter's share would go to the daughter's descendants, but if she has no surviving descendants, then to Mrs. Morgan's living descendants. Excluding the $160,000 in property from her mother's estate, Mrs. Morgan's residuary estate is valued at approximately $85,000.

On November 9, 1977, Mr. Morgan, as executor, sought to disclaim any interest of Mrs. Morgan in her mother's estate. Pamela and Diana consented to the disclaimer. The circuit court initially allowed the disclaimer but, after discovering that the trustee had not received notice of the petition to disclaim, vacated its order. The court also appointed a guardian *ad litem* to represent the contingent beneficiaries of the Morgan trust, and the guardian joined the trustee in opposing the disclaimer. The circuit court thereafter denied the executor's petition

to disclaim, and, in a split decision, the appellate court affirmed.

In sum, if the executor is allowed to disclaim Mrs. Morgan's interest in her mother's estate, the entire $160,000 from that estate will go outright to Pamela and Diana; otherwise, the property will go into trust, with Pamela and Diana the primary beneficiaries. (Diana currently has three minor children, and Pamela has none.) If the executor is allowed to disclaim, Mrs. Morgan's estate will apparently save approximately $28,000 in taxes, and there will be a slight reduction in trustee fees.

Section 2—7(a) of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 2—7(a)) provides:

> "An heir, legatee, person succeeding to a disclaimed interest, beneficiary under a will or person designated to take pursuant to a power of appointment exercised by a will may disclaim in whole or in part the succession to any real or personal property or interest therein by filing a written disclaimer within the time and at the place provided in this Section. A disclaimer may be of a fractional share or of any limited interest or estate. The right to disclaim of a decedent may be exercised with leave of court by his representative."

This last sentence was added by Public Act 80—549, section 1 (1977 Ill. Laws 1733), effective October 1, 1977, and has not been interpreted by this court.

At common law in Illinois, a beneficiary could disclaim his rights under a will. (*Cook v. Dove* (1965), 32 Ill. 2d 109, 114; *Peck v. Drennan* (1951), 411 Ill. 31, 41; *People v. Flanagin* (1928), 331 Ill. 203, 207-08.) It is not clear, however, whether a representative at common law could disclaim on the behalf of a decedent. (But *cf. Rock Island Bank & Trust Co. v. First National Bank of Rock Island* (1962), 26 Ill. 2d 47 (the right of a surviving spouse to renounce a will held to be statutory and personal and to die with the surviving spouse).) In any event, such right is now controlled by statute, and it is clear from the language employed by the legislature that a representative may dis-

claim on behalf of a decedent only with leave of court. We read the statute as giving the trial court discretion over whether to allow the representative to disclaim.

Here, Mrs. Morgan survived her mother's death by more than three months. So surviving, it was her mother's intent, as evidenced by her will, that Mrs. Morgan receive the property. Mrs. Morgan had a clear right, however, to disclaim such property, for any reason, but did not choose to do so. Instead, by her will, Mrs. Morgan left the residue of her estate in trust, and the property left to her by her mother became part of this residue. Had it been Mrs. Morgan's desire that the property, which became hers upon her mother's passing, was to go to her daughters outright, she could have disclaimed before her death. It is noted that she set up the Morgan trust in 1972, while her mother was alive and while it would have been natural for her to assume that her mother would predecease her. We view the above factors as going toward an intent that she did not wish her daughters to take outright.

Despite the tax savings which would result from a disclaimer, we cannot presume that Mrs. Morgan would have desired that the bequest from her mother be disclaimed. A disclaimer would have the effect of substantially altering the property's disposition from that provided for in Mrs. Morgan's will, which, by leaving the property in trust, placed substantial restrictions on its use and on the daughters' ability to dispose of it. We conclude that the trial court's determination was not unreasonable when considered in light of the foregoing factors and, therefore, that the court did not abuse its discretion in denying the executor's petition to disclaim.

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE CLARK took no part in the consideration or decision of this case.