(No. 38628.—

Howard H. Cook *et al.*, Appellants, *vs.* Robert I. Dove *et al.*, Appellees.

*Opinion filed January 21, 1965.*

GOSNELL & BENECKI, of Lawrenceville, (MAURICE E. GOSNELL, of counsel,) for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (JOHN T. JARECKI, JOSEPH O. RUBINELLI, MARY MARTIN, and RICHARD A. MICHAEL, Assistant Attorneys General, of counsel,) for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Shelby County assessing inheritance taxes in the estate of Ione H. Cook, deceased, and it presents for our consideration the construction of paragraph 4 of section 1 of the Inheritance Tax Act. (Ill. Rev. Stat. 1961, chap. 120, par. 375(4).) Since the revenue is involved, we have jurisdiction to entertain a direct appeal.

Factual background, about which there is no dispute, shows that under the provisions of the last will and testament of Harry E. Cook, who died February 27, 1960, an undivided one-half of his adjusted gross estate was bequeathed in trust with directions that the trustees should pay to the testator's widow, Ione H. Cook, the sum of $500 per month from the corpus of the trust. Additionally, Ione H. Cook was authorized to withdraw income accruing to the trust during her lifetime, and was given the power to dispose of the trust corpus remaining at her death by testamentary appointment. In the event she failed to exercise such power, it was directed that the remainder of the corpus should be divided equally between the testator's children, Howard H. Cook and Virginia C. Dressler, or their descendants in the event of their prior deaths.

The will of Harry E. Cook was duly admitted to probate in Shelby County and, on August 21, 1961, an order

was entered assessing inheritance taxes against Howard H. Cook and Virginia C. Dressler in identical amounts of $13,-513.20. These taxes were assessed under authority of section 25 of the Inheritance Tax Act, (Ill. Rev. Stat. 1961, chap. 120, par. 398,) having to do with the taxation of contingent interests, and were computed on the basis of the value of the trust corpus after deducting the value of the widow's life estate, plus an assumption that the power of appointment would not be exercised and that the remainder would be transferred to Howard and Virginia in equal shares under and by virtue of their father's will. These taxes were paid in due course of administration.

Ione H. Cook died July 29, 1962, leaving a last will and testament wherein she exercised the power and appointed the remainder to Howard H. Cook and Virginia C. Dressler, the same two individuals who were to take under the donor-husband's will in default of appointment. This will was also admitted to probate and, thereafter, in the inheritance tax return filed by the executor the remainder of the trust corpus, valued at $352,943.48, was listed as part of the taxable estate, being noted as property over which the decedent had exercised a power of appointment. Howard and Virginia filed objections to the return, and also an election to have the transfers taxed in the estate of their father. However, they were denied the right to make such an election, their objections were overruled, and inheritance taxes were assessed against them in the donee's estate in amounts of $21,896.16 and $21,909.56, respectively. These assessments were confirmed upon intermediate appeal, and the direct appeal to this court has followed. The adversaries here are the appellants, Howard H. Cook and Virginia C. Dressler, and the State of Illinois, represented by the Attorney General.

Paragraph 4 of section 1 of the Inheritance Tax Act provides as follows: "Whenever any person, institution or corporation shall exercise a power of appointment derived from any disposition of property made either before or

after the passage of this Act, such appointment, when made, shall be deemed a taxable transfer under the provisions of this Act, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will." (Ill. Rev. Stat. 1961, chap. 120, par. 375(4).) While the briefs of the parties seem to raise a secondary issue as to whether appellants could be liable for the full amount of taxes assessed in both estates, the primary and controlling question is whether paragraph 4 of section 1 arbitrarily applies where the donee exercises the power by appointing in the same manner as provided in default of the exercise of the power or whether, in such a case, the appointees may elect to take the property directly from the estate of the donor. If they may so elect, it is clear that the taxes tentatively assessed against appellants in the donor's estate under section 25 have become final, and that they are not liable for those assessed in the donee's estate.

Although a case of first impression in this jurisdiction, the problem has been treated upon in New York decisions, a source to which we may look under the circumstance that our Inheritance Tax Act was modeled after the New York act (*People* v. *Beckers,* 413 Ill. 102; *People* v. *Snyder,* 353 Ill. 184; see also: Dicus, "Taxation of Powers of Appointment Under The Illinois Inheritance Tax Law," 14 Chicago Kent L. Rev. 14; Dicus and Zartman, "Inheritance Taxation in Illinois of * * * Powers of Appointment Upon Donee's Death," 44 Illinois Bar Journal, No. 4, pp. 271-274,) and, more specifically, since paragraph 4 of section 1 and section 25 of our act have their prototypes in the New York Act. (See *People* v. *Linn,* 357 Ill. 220, 226.) Generally speaking, the New York courts have evolved under their statute a doctrine of election, the gist of which is that if the appointee takes by the donee's exercise of the power precisely what he would have taken in default of appointment,

he may elect to take by default and not by the donee's exercise of the power, and the tax will be assessed accordingly.

The first of the cases to announce and apply the doctrine was *In re Lansing's Estate,* 182 N.Y. 238, 74 N.E. 882, which was decided some four years prior to our adoption of paragraph 4 of section 1, and where the issue was whether a transfer of property would be taxed in the estate of the donor or the donee. The donor had given the property in trust to his daughter for life, with the remainder to her heirs, but subject to a testamentary power of appointment in the daughter over the remainder. The daughter exercised the power, bequeathing the property to her only heir and thus to the person who would have taken the remainder in default of appointment. It was the holding of the court that since the appointment did not in any way alter the disposition of the property made by the donor's will, the exercise of the power was a mere formality and of no effect, and that it was not taxable as part of the donee's estate. Where, as here, the appointee or appointees are the same as the takers in default and take exactly what would have been taken on failure to appoint, subsequent New York decisions have reiterated and adhered to this doctrine. (*E.g. In re Lather's Estate,* 3 N.Y.S. 2d 734; *In re Duryea's Estate,* 277 N.Y. 310, 14 N.E.2d 369.) At the same time, so far as we can ascertain, the New York legislature has abided by this construction of its act.

It has long been the rule that when a statute is adopted from another State, the judicial construction previously placed on the statute by the courts of that State accompanies it, and is treated as incorporated therein, unless the legislature of the adopting State manifests an intention to the contrary. (*People* v. *Beckers,* 413 Ill. 102; *People* v. *Metropolitan Trust Co.* 369 Ill. 84; *People* v. *Linn,* 357 Ill. 220.) Neither section 25 nor paragraph 4 of section 1, as enacted by our legislature, manifests such an intention, and what is

more we believe the New York construction is the proper one.

The transfer of property by appointment requires not only an affirmative act by the donee of such power, but the acceptance of such bequest by the appointee as well. Without the latter, there is not a completed gift, but only an attempt. (*Helvering* v. *Grinnell*, 294 U.S. 153, 79 L. ed. 825; 72 C.J.S., Powers, sec. 50.) Although the acceptance of a beneficial gift may in some instances be presumed in the absence of an expressed contrary intent, a legatee is under no duty to accept such a gift, and ownership thereof may not be vested in the recipient against his wishes. (*People* v. *Flanagin,* 331 Ill. 203.) Where repudiation by the legatee occurs, it cannot be said that the donee of the power has determined the ultimate recipient of the property so as to justify its being taxed as a part of the donee's estate. (*In re Estate of Curtis,* 28 Ill.2d 172.) Rather, the property passes from the donor as though there had been a complete failure of appointment, (*People* v. *Flanagin,* 331 Ill. 203; *Bradford* v. *Andrew,* 308 Ill. 458; 96 C.J.S., Wills, sec. 1072, 1151; 72 C.J.S., Powers, sec. 55,) and may be taxed only in the donor's estate.

In the present case, the shares in the trust remainder bequeathed by the will of Harry E. Cook to Howard H. Cook and Virginia C. Dressler upon default of appointment were identical with those transferred by Ione H. Cook upon her attempted exercise of the power of appointment. The appointees, in objecting to the inheritance tax return filed in the Ione H. Cook estate, refused the tender, and as a result, the power of appointment failed, thereby invoking the default provisions set forth in the Harry E. Cook will. Consequently, the property in question passed, not from the donee of the power or by reason of any action upon her part, but directly from the donor.

For the reasons stated, it is our opinion that the court erred in assessing inheritance taxes on the remainder in

the estate of Ione H. Cook. Accordingly, the judgment of the circuit court of Shelby County is reversed, and the cause is remanded thereto with directions to sustain the objections of appellants to the tax return.

*Reversed and remanded, with directions.*