530 P.2d 1012 (1974)
In re the MARRIAGE OF Don C. ALTMAN, Petitioner-Appellant, and
Charlotte H. Altman, Respondent-Appellee.
No. 74-280.
Colorado Court of Appeals, Div. I.
December 31, 1974.
Alperstein, Plaut & Barnes, P. C., Susan G. Barnes, Lakewood, for petitioner-appellant.
Canges & Shaver, E. Michael Canges, Denver, for respondent-appellee.
Selected for Official Publication.
*1013 RULAND, Judge.
In an action for dissolution of marriage, Don C. Altman (Husband) appeals from the provisions of a judgment which awarded Charlotte H. Altman (Wife) title to the family residence and which, in effect, approved a withdrawal by Wife from a joint savings account.
The material facts are not disputed. The parties were married on December 22, 1968. A few days prior to and in contemplation of the marriage, a residence, which the parties jointly selected, was purchased using Husband's "G. I. Bill" privileges and title was taken in his name. The parties moved into the residence together, and the equity acquired in the residence following the marriage was derived primarily through joint contributions by the parties from their respective employments.
Some four and one-half years after the marriage, Husband withdrew funds from a retirement plan sponsored by an employer for whom Husband worked prior to the marriage and deposited these funds in a joint savings account maintained by the parties. By agreement of the parties, Husband withdrew funds from the joint account for the purchase of "Fisons A D R" stock, and title to the stock was taken in joint tenancy with Wife. The balance of funds in the joint account remained intact until the parties separated in August of 1973, whereupon Wife withdrew $2,838 representing one-half of the account.
Following presentation of evidence by the parties, the court awarded all of the equity accumulated in the residence of $3,123 to Wife, and directed Husband to execute a conveyance thereof to her. The court awarded the Fisons A D R stock to Husband, as well as the balance of funds remaining in the joint bank account of approximately $2,838, but declined to award Husband an additional $871 which Husband contended was part of the retirement fund that had been deposited in the joint account and withdrawn by Wife at the time the parties separated. The court found that the funds in the joint account were "intermingled" and that it was difficult to "separate them." The court's orders distributing other property accumulated by the parties are not disputed here.
Husband concedes that it was proper for the court to treat the equity accumulated by the parties in the residence following their marriage as marital property. However, since title was acquired in his name just prior to the marriage, Husband contends that its status as separate property was thereby established as a matter of law pursuant to 1971 Perm.Supp., C.R.S.1963, 46-1-13, and thus it was error to direct him to convey title to the Wife. We disagree.
Where, as here, a family residence is selected and acquired within a few days of the parties' marriage in contemplation of that marriage, and the equity accumulated therein results from contributions by both parties, we hold that the court does not err in treating the residence and all equity obtained therein as marital property. In order to obtain the status of separate property under 1971 Perm.Supp., C.R.S.1963, 46-1-13, it must appear that the property was acquired prior to marriage with the intent that it become the separate property of Husband. A contrary intent appears from the record before us.
Husband contends that the court erred in not awarding him $871 as funds withdrawn from the joint account by Wife which he contends were his separate funds from the retirement plan. Again, we disagree. Where one spouse causes title to an asset previously held as separate property to be placed in joint tenancy with the other spouse, a gift is presumed and the burden to show otherwise is upon the donor. See Botkin v. Pyle, 91 Colo. 221, 14 P.2d 187. Here Husband testified that he felt these funds should be set aside to him as originating from his retirement plan, but at no point did he testify that he intended or that the parties agreed that such funds were to remain his separate property. Under these circumstances, we cannot say, as *1014 a matter of law, that Husband's evidence sustained his burden of proof. Accordingly, the trial court's ruling may not be disturbed.
Judgment affirmed.
COYTE and STERNBERG, JJ., concur.