*In re* MARRIAGE OF ROSEMARIE STALLINGS, Petitioner-Appellee, and PAUL STALLINGS, Respondent-Appellant.

Fifth District No. 78-321

Opinion filed July 13, 1979.—Rehearing denied August 14, 1979.

98

Ben S. Urban, of Belleville (Steven E. Katzman, of counsel), for appellant.

Gerald L. Montroy, Jeanne Sathre, and David J. Letvin, all of Cohn, Carr, Korein, Kunin, Schlichter and Brennan, of East St. Louis, for appellee.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Respondent-husband (Husband) appeals from certain provisions in a judgment of dissolution of marriage and from an order denying his motion for a change of venue entered by the Circuit Court of Madison County.

The parties were married on June 17, 1972. Less than two months before their marriage, they purchased a home for $35,500, taking title as tenants in common. In that transaction a $5,000 down payment was furnished from the funds of the wife (Wife), and the balance was financed by a loan, the payments of which averaged $250 per month. After the marriage, Husband and his six children from a previous marriage moved into that home where they remained throughout the marriage. Wife worked in a bank where she earned some $64,000 during the 4½-year marriage. Around 90% of her income was spent on family and household expenses, including the mortgage payments on the family home. During the marriage, Husband pursued a series of business misadventures and his earnings for the same period were only $13,000. Wife came into the marriage with assets of her own valued at around $15,000; on account of her financial assistance to Husband's floundering businesses, her estate was significantly reduced by the time the parties separated.

The trial court awarded the home to Wife as well as household goods, bank stock, savings and checking accounts, a 1977 Oldsmobile,

and the 1977 income tax refund. The court denied maintenance to both parties. Subsequently, Husband filed a motion for change of venue and for maintenance, attorney's fees and costs pending appeal, all of which were denied by the trial court.

Husband contends that the trial court erred by including the family home in the category of marital property; by awarding the entire equity in that property to Wife; by awarding the other marital property to Wife; by failing to make specific findings regarding the nature of contributions and amounts of liabilities of the parties; by denying him maintenance; and by denying his motion for change of venue. We affirm the trial court with respect to each issue raised.

■■■ Regarding the real estate, we affirm the trial court's ruling that this asset was marital property. The evidence was that this property was purchased in contemplation of the forthcoming marriage of the purchasers and with the intent that it would be their family home. Furthermore, all equity in the property, other than the $5,000 down payment, resulted from the payments and improvements made during the marriage. Our new Marriage and Dissolution of Marriage Act does not arbitrarily categorize all property acquired prior to marriage as nonmarital property. Rather, section 503, we believe, is intended to protect such property as may have been purchased by one spouse prior to marriage entirely with his or her own funds. (Ill. Rev. Stat. 1977, ch. 40, par. 503). In *In re Marriage of Altman* (1974), 35 Colo. App. 183, 530 P. 2d 1012, the Colorado Appellate Court held that where a family residence was purchased prior to, but in contemplation of, the parties' marriage and the equity resulted from contributions of both parties, the property was marital property *even though title was acquired prior to the marriage.* When Illinois enacts a statute which has been adopted in other States and which has received constructions by the courts of those States, Illinois courts may look to those constructions. *Cook v. Dove* (1965), 32 Ill. 2d 109, 203 N.E.2d 892.

Husband claims half the down payment was a gift to him made prior to the marriage, and $2,500 of the equity is, therefore, nonmarital property which the court should have allowed him. Wife claims the evidence overcomes the presumption of gift. She testified that the $5,000 down payment which she provided was paid solely in anticipation of a successful marriage and in contemplation of purchasing a house that would be a family home for the parties and their children. At the time the parties chose to select their home and begin their marriage, she happened to be the party with the available funds to make the down payment.

The trial court may have viewed the $5,000 down payment portion of equity as a nonmarital asset belonging to Wife or as marital property in the form of an asset purchased in contemplation of marriage and financed

by the party with available funds. Either finding would not have been contrary to the manifest weight of the evidence.

■ Next, with respect to the trial court's award of all marital property to Wife, Husband claims that a 50-50 split based on Illinois partnership law should have been made by the court. We summarily dismiss that proposition. Had the legislature intended marital property to be so divided at divorce, it would not have provided section 503(c) of the Act. The legislature's intention was obviously that marital property be equitably divided, based upon the factors specified in section 503—the contribution or dissipation of the acquisition, preservation, or depreciation or appreciation of the value of all property; the duration of the marriage; the relevant economic circumstances of each spouse; obligations or rights arising from prior marriage; antenuptial agreements; the age, health, station, occupation, amounts and sources of income, vocational skills, employability, estate, liabilities and the needs of the parties; custodial provisions; whether the apportionment is in lieu of or in addition to maintenance; and the reasonable opportunity of each spouse for future acquisition of assets and income. Ill. Rev. Stat. 1977, ch. 40, par. 503(c).

■ We have also considered Husband's argument that there was no proof of his dissipation of marital property nor of his failure to contribute to the marriage and the marital assets. The record contains conflicting testimony with respect to these questions. In a nonjury trial where there is conflicting testimony, the determination of the witnesses' credibility is for the trier of fact. His findings will not be disturbed unless manifestly against the weight of the evidence. (*Anderson v. City of Chicago* (1975), 29 Ill. App. 3d 971, 331 N.E.2d 243.) With regard to the credibility of the two witnesses, we note that Husband's credibility was successfully challenged by his admission to lying on Federal bankruptcy and income tax forms. With this attack upon his credibility and the testimony in the record, we believe the trial court's complete award of marital property to Wife was not against the manifest weight of the evidence nor contrary to section 503(c) of the Act. It was Wife who was the primary financial supporter of the family which included Husband's six children; Wife who had primary responsibility for caring for the house and the seven children; Wife whose earnings were five times that of husband's. Husband, on the other hand, while being supported by Wife, absorbed a substantial amount of Wife's nonmarital estate in his various business ventures.

Husband further complains that the court failed to make specific findings regarding the nature of contributions and amounts of liabilities of the parties. We find the evidence supported the property division made, and therefore, such specific findings by the trial court were not required.

(*Ayers v. Ayers* (1978), 61 Ill. App. 3d 936, 378 N.E.2d 792; *In re Marriage of Davis* (1975), 35 Colo. App. 447, 534 P. 2d 809.) The record is adequate to provide us a basis upon which to review the propriety of that property division. No more specific findings by the trial court are necessary.

■■ With respect to Husband's argument that the trial court abused its discretion in denying him maintenance, section 504 of the Act permits an award of maintenance *only* when the court can find that a spouse is unable to support himself through appropriate employment or is otherwise without sufficient income. While we cannot ignore Husband's employment record during the marriage, the record also shows that he was gainfully employed prior to the marriage and at the time of the hearing. Accordingly, we affirm the trial court's finding that there was insufficient proof that respondent was unable to support himself or without sufficient income.

■■ ■ Finally, we consider Husband's argument that the trial court erroneously denied his motion for change of venue. First, we note that Husband has waived this issue by his failure to include that motion in his excerpts of record. (Ill. Rev. Stat. 1977, ch. 110A, par. 342.) An abstract or excerpts of record must contain sufficient parts of the record to fully preserve every error relied on (*Nieberding v. Phoenix Manufacturing Co.* (1961), 31 Ill. App. 2d 350, 176 N.E.2d 385); and if the appellant fails to sufficiently abstract a motion and the ruling thereon, he waives any allegation of error in the ruling on that motion (*Ellet v. Wyatt* (1952), 345 Ill. App. 420, 103 N.E.2d 526). In any event, the motion was made after the trial judge had ruled on a substantive issue in the case and after hearing had begun; therefore, it came too late. (*Joseph v. Joseph* (1973), 15 Ill. App. 3d 714, 305 N.E.2d 19.) The change of venue was requested with respect to a motion for maintenance, attorney's fees and costs pending appeal. Since an appeal is a continuation of the trial court proceeding, it does not constitute new matter. Ill. Rev. Stat. 1977, ch. 110A, par. 301.

■■ We note that Husband also raised as error in his notice of appeal the trial court's denial of his motion for maintenance, attorney's fees and costs pending appeal. He failed to argue this in his brief and these alleged errors are, therefore, waived. Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(7).

For the foregoing reasons we affirm the Circuit Court of Madison County.

Affirmed.

KASSERMAN and JONES, JJ., concur.