*In re* MARRIAGE OF ROBERT B. REDDEN, Petitioner and Counterrespondent-Appellee, and SALLY E. REDDEN, Respondent and Counterpetitioner-Appellant.

Fourth District    No. 16146

Opinion filed November 7, 1980.—Rehearing denied December 3, 1980.

Fuller, Hopp & Barr, P. C., of Decatur (Glenn O. Fuller, of counsel), for appellant.

Rosenberg, Rosenberg, Bickes, Johnson & Richardson, of Decatur (Wayne L. Bickes, of counsel), for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

As a result of the dissolution of the parties' marriage, the trial court entered an order dividing the parties' property. *Inter alia*, the trial court in its order classified the beneficial interest in 40 acres of farmland held in a land trust as marital property, and awarded it to the petitioner, Robert Redden. The respondent, Sally Redden, contends that the beneficial interest in the 40 acres of farmland should have been classified as her nonmarital property. We agree.

It is not contested that *prior* to the parties' marriage the petitioner transferred 120 acres of his farmland into a land trust with beneficial interest in this land running to the respondent for her life. With the respondent's consent, 80 acres of the farmland in the land trust were sold. Thus, at the time the parties' marriage was dissolved there remained only 40 acres of farmland in the land trust.

The petitioner contends that this property was correctly classified as marital property because the beneficial interest in the property was transferred to the respondent in contemplation of marriage with the intent that it would be used as marital property.

However, section 503(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 503(a)) states that nonmarital property, *inter alia,* is:

"(1) property acquired by gift, * * *

* * *

(6) property acquired before the marriage."

Thus, according to the explicit statutory language, the beneficial interest in the farmland is the respondent's nonmarital property. The petitioner's reliance on *In re Marriage of Stallings* (1979), 75 Ill. App. 3d 96, 393 N.E.2d 1065, is misplaced. Unlike the property transaction involved in *Stallings,* which was a home purchased in joint tenancy prior to marriage, the transaction here effectively transferred the property from the petitioner to the respondent. Moreover, a legal agreement between the parties specifically stated that the beneficial interest in the property would remain with the respondent in the event of divorce.

According to the clear language of section 503(a) of the Act, the trial court erred when it classified the beneficial interest in the farmland held in the land trust as marital property. This property is the respondent's nonmarital property.

The judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

Reversed and remanded with directions.

MILLS, P. J., and TRAPP, J., concur.