*In re* MARRIAGE OF ROBERT L. REESER, Petitioner-Appellant, and DAWN L. REESER, Respondent-Appellee.

Fourth District   No. 16734

Opinion filed June 30, 1981.

Henry R. Keller, of Monticello, for appellant.

James M. Langan, of McClellan & Langan, of Champaign, for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Petitioner, Robert Reeser (husband), filed a petition for dissolution of marriage on September 20, 1979. He was then 28 years old and Dawn

Reeser, the respondent (wife), was 22. The parties were married on February 14, 1975, and they separated on August 15, 1979. The parties have no children.

The trial court found grounds for dissolution existed, and at a subsequent hearing on property division the parties stipulated to various values of the real and personal property they owned. The trial court determined the total marital estate subject to division to be worth $17,497. Of that amount, $15,297 was equity in the former marital residence which the trial court found to be marital property. The court awarded the wife $10,000 and the husband $7,497 as their respective shares of the marital assets, finding that the husband's expensive racing hobby had dissipated the marital estate.

The husband, on appeal, asserts that the parties' residence was his nonmarital property and was improperly characterized by the trial court as marital property. The husband testified that he purchased the home on June 15, 1974, for $22,500 and the entire purchase price of the home was financed by him in two loans, one in the form of a mortgage and the second, a promissory note. Approximately $4,500 of the total indebtedness on the house was paid during the course of the parties' marriage. Those payments were made from marital funds with the exception of $1,000 paid on the promissory note which the husband testified was borrowed verbally, without any instrument being signed, from a trust set up by his grandfather. Carpeting was purchased for the house from marital funds and the wife stated that she painted the exterior of the house one summer during the parties' marriage.

The wife testified that from the time of the purchase of the home, until the parties married, she lived in the marital residence during the weekends.

Section 503(a)(6) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 503(a)(6)) provides:

"Disposition of property. (a) For purposes of this Act, 'marital property' means all property acquired by either spouse subsequent to the marriage, except the following, which is known as 'nonmarital property':

\* \* \*

(6) property acquired before the marriage."

Thus, the initial question is when this property was "acquired." A similar situation was presented in *In re Marriage of Crouch* (1980), 88 Ill. App. 3d 426, 410 N.E.2d 580, where art objects purchased prior to the parties' marriage, during the parties' premarital cohabitation, were held to be nonmarital property acquired prior to marriage, despite the fact that part of the purchase price for the objects was paid after the marriage.

In *In re Marriage of Drennan* (1981), 93 Ill. App. 3d 903, 418 N.E.2d

30, this court held that the joint execution of a mortgage note subsequent to marriage did not transform nonmarital property into marital property for the purpose of property division under the Illinois Marriage and Dissolution of Marriage Act.

The trial court in the case at bar relied on *In re Marriage of Stallings* (1979), 75 Ill. App. 3d 96, 393 N.E.2d 1065, in concluding that the parties' residence was marital property. *Stallings* carved out an exception to the rule that property acquired prior to marriage is nonmarital property. In *Stallings*, less than two months prior to their marriage the parties purchased a home taking title as tenants-in-common. The appellate court affirmed the trial court's award of the entire home to the wife based upon the finding that it was marital property. The court held that the property was purchased in contemplation of the forthcoming marriage with the intent that the property would be the parties' family home. The court also noted that all of the equity in the property, other than the down payment, resulted from payments and improvements made during the marriage.

■■ In the instant case the facts do not support the finding that the home was purchased in contemplation of marriage. Title to the property, when purchased, was placed in the husband's name only, and although the wife testified that she stayed in the home prior to the marriage, there is no basis for a finding that the parties contemplated marriage at the time of the purchase. There was no testimony with regard to when the parties became engaged, nor where the husband lived prior to purchasing the home. Neither does the record reveal how long the parties knew each other prior to their marriage or cohabitation. The mortgage payments and the payments on the promissory note, with the possible exception of $1,000, came from marital funds. However, nonmarital property is not transmuted into marital property merely as the result of the use of marital funds to reduce the indebtedness on the property. (*Drennan.*) We conclude that the wife has failed to sustain her burden of establishing that this property was purchased in contemplation of the parties' future marriage.

■■ In this case, as in *Drennan*, the marital residence constitutes virtually all of the "marital property" of the parties, and upon remand the trial court must determine the contribution of the wife to the appreciation in the value of the home, as the husband's nonmarital property. (Ill. Rev. Stat. 1979, ch. 40, par. 503(c)(1).) In *Drennan*, 93 Ill. App. 3d 903, 907-09, 418 N.E.2d 30, 34, we detailed available avenues to so compensate the wife which we will not reiterate herein.

The second issue raised on appeal involves the husband's racing hobby. The husband estimated that he spent $10,000 to $12,000 on his racing hobby during the course of the parties' marriage. The trial court, in awarding approximately 57 percent of the marital assets to the wife,

found that the husband's racing hobby dissipated the marital estate. The court specifically stated that it took this dissipation into account in apportioning the marital property. The husband contends that such finding was an abuse of discretion.

Section 503(c)(1) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 503(c)(1)) provides:

> "In a proceeding for dissolution of marriage * * * the court shall assign each spouse's non-marital property to that spouse. It also shall divide the marital property without regard to marital misconduct in just proportions considering all relevant factors, including:
>
> (1) the contribution or dissipation of each party in the acquisition, preservation, or depreciation or appreciation in value, of the marital and non-marital property, including the contribution of a spouse as a homemaker or to the family unit."

In determining that the husband's racing hobby dissipated the marital estate, the trial court relied upon *Stallings* and *Klingberg v. Klingberg* (1979), 68 Ill. App. 3d 513, 386 N.E.2d 517. In *Stallings*, the wife had been the main income earner during the parties' 4½-year marriage. Approximately 90 percent of her income was spent on family and household expenses. At the time of the parties' marriage the wife had considerable nonmarital assets. She contributed to her husband's floundering businesses and during the course of the marriage her estate was significantly reduced. The appellate court affirmed the trial court's award of all of the marital property to the wife based upon the husband's dissipation of the marital property and the wife's nonmarital estate.

In *Klingberg*, the parties had been married for four months prior to their separation. At the time of the separation, the husband withdrew $3,500 from the parties' joint savings account and gave the money to a former wife for "present and future child support." The appellate court found that the husband's actions constituted a dissipation of the parties' marital estate. The court noted that the payments were not made for any marital purpose and were for the husband's benefit solely.

■■ We find no testimony at trial which indicated that the wife disapproved of the husband's racing hobby and there was no testimony to support the conclusion that the wife did not enjoy or otherwise participate in the husband's hobby. In this factual situation, we find that the trial court abused its discretion in considering the hobby to have dissipated the parties' marital estate.

Reversed and remanded with directions.

GREEN and WEBBER, JJ., concur.