*In re* MARRIAGE OF HARVEY CALDWELL, Petitioner-Appellee, and HELEN CALDWELL, Respondent-Appellant.

Fourth District   No. 4—83—0324

Opinion filed May 7, 1984.—Modified on denial of rehearing July 5, 1984.

M.G. Gulo & Associates, Ltd., of Streator (Walter L. Stodd and M.G. Gulo, of counsel), for appellant.

Hoffman, Mueller & Creedon, of Ottawa (Melvin H. Hoffman, of counsel), for appellee.

JUSTICE TRAPP delivered the opinion of the court:
This appeal is from an order of the circuit court of Livingston

County which provided for a distribution of property following the dissolution of the parties' marriage. We affirm.

The parties were married on February 23, 1974, and the decree of dissolution was entered upon the counterpetition of respondent on March 25, 1982. The trial court found that at the time of the final order, petitioner was 66 years of age, totally disabled, and respondent was 57 years of age and unemployed, although capable of working. It also found that petitioner had an approximate net income of $900 per month plus some nominal interest income; and that respondent derived approximately $3,000 per year in interest on savings. The parties had stipulated to valuation evidence pertaining to property which respondent was to inherit as a result of her mother's recent death. The trial judge found the following items to be marital property: (1) a residence (fair market value $59,500), (2) a fishing boat, boat motor, and a 1960 house trailer (value about $1,000), (3) 1978 Pontiac auto (valued at $2,500) and a 1973 Buick auto (value about $500), (4) savings and checking accounts (valued at about $13,000 plus interest) which had been converted by respondent into her name only upon the parties' separation, and (5) various items of personal property. The court found certain property to be petitioner's nonmarital property: (1) General Motors and DuPont stock (valued at $1,400), (2) a pension plan ($383.01 per month) and social security benefits ($506 per month), (3) life insurance policies on his life, and (4) his tools, clothes, and listed personal property. The court found certain property to be respondent's nonmarital property: (1) accounts and certificates of deposit (valued at $13,000 plus interest), (2) a beneficial interest in the estate of her mother (about $100,000 before taxes), (3) about 50 shares of Investors Group (about $400), (4) her life insurance policies, and (5) her clothing and the balance of furniture not otherwise referred to. The trial judge concluded that each party now had sufficient marital or nonmarital assets and income with which to support themselves, and therefore denied the request of each for maintenance from the other. The court found that a portion of the marital savings which presently stood in respondent's name should be paid over to petitioner.

■ Respondent first argues that the trial court's award is an abuse of discretion because the trial court did not award her any interest in the marital home and failed to make findings to justify the property division.

Section 503(c) of the Illinois Marriage and Dissolution of Marriage Act directs the trial court to divide the marital property, without regard to marital misconduct, in just proportions, after considering all

relevant factors, including those set out by statute. (Ill. Rev. Stat. 1981, ch. 40, par. 503(c).) An award in just proportions does not require the trial court to make an equal award (*In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 397 N.E.2d 488), and a reviewing court will not substitute its judgment for that of the trial court unless an abuse of discretion has been shown; such an abuse will be found only where no reasonable man would adopt the position of the trial court. (*In re Marriage of McDonald* (1983), 113 Ill. App. 3d 116, 446 N.E.2d 559.) Merely because the trial court has awarded a larger share of the marital estate to one party does not necessarily demonstrate an abuse of discretion. A disproportionate award of marital property has been upheld where one party made substantial contributions during the marriage and the other party made few contributions (*In re Marriage of Stallings* (1979), 75 Ill. App. 3d 96, 393 N.E.2d 1065), where one party had severe medical problems requiring a larger share for her support (*In re Marriage of Clearman* (1981), 97 Ill. App. 3d 641, 423 N.E.2d 283), and where one party had substantial nonmarital holdings and a greater opportunity for future acquisition of assets and income (*Atkinson v. Atkinson* (1981), 87 Ill. 2d 174, 429 N.E.2d 465). We conclude that the award was not an abuse of discretion. Respondent's greater amounts of nonmarital assets, her capability of employment, and petitioner's total disability and lack of significant nonmarital funds supports the trial court's award.

■ We also reject the respondent's argument that the trial court must make specific findings as to the reasons for its award. We find that the evidence presented at the hearings justifies the award and provides an adequate basis for us to review the property division. *In re Marriage of Stallings* (1979), 75 Ill. App. 3d 96, 393 N.E.2d 1065.

■ The largest marital asset of the parties was their house, which was originally purchased for $27,000. At the time of the dissolution, the house had a fair market value of $59,500. The funds for this house were derived from a sale of petitioner's former residence but the closing occurred shortly after the parties were married. The funds for the purchase of the real estate were placed in a joint checking account and payment was then made by check to the seller. The trial court found the real estate to be marital property and awarded the home to petitioner. Section 503(d)(1) of the Act (Ill. Rev. Stat. 1981, ch. 40, par. 503(d)(1)) mandates that the court, on dissolution, divide the marital property in just proportions considering all relevant factors, including among those *the contribution of each party to the acquisition of the property.* Testimony adduced tended to show that the house in question had been purchased with the proceeds of the

sale of petitioner's former home, nonmarital property. The proceeds were placed briefly in a joint account before being applied to the purchase price of the house in question. No substantial improvements had been made in this house during the marriage.

Petitioner argues on appeal that the trial court's award was not an abuse of discretion whether the house is considered marital or nonmarital but suggests that the court should have found the home to be a nonmarital asset and assigned it to him. Where nonmarital funds are commingled with marital property ·or placed in joint tenancy, a presumption of gift arises which can only be rebutted by clear, convincing, and unmistakable evidence that no gift was intended. (*In re Marriage of Rogers* (1981), 85 Ill. 2d 217, 422 N.E.2d 635.) The trial court made no finding on whether the presumption of gift was rebutted by clear, convincing, and unmistakable evidence, and we are loathe to pass upon this without its initial determination of the weight and value of the evidence submitted. Since we find that the award is proper regardless of whether the house is determined to be marital or nonmarital property, we decline to pass upon this issue.

■■ Respondent next asserts that the trial court failed to give sufficient consideration to her services as a homemaker in making the award of marital property. (Ill. Rev. Stat. 1981, ch. 40, par. 503(d)(1).) During the final hearing on property matters, petitioner was asked to describe respondent's housekeeping duties during the marriage. Respondent objected to this question on grounds of relevancy, the objection was sustained, and in the course of giving reasons for its ruling, the trial court stated that "I don't think Mrs. Caldwell's housekeeping duties and abilities are the reasons or part of the reasons being advanced that she should be entitled to maintenance, I think this is a question of assertion of maintenance based on need primarily." We note that the remarks about which respondent now complains were made in response to her objection. Respondent cannot now complain on appeal of the trial court's ruling which was occasioned by her objection. (*Brichacek v. Hampton* (1964), 54 Ill. App. 2d 284, 203 N.E.2d 737; *Silbert v. Laser* (1940), 307 Ill. App. 484, 30 N.E.2d 774.) The trial court's statement does not indicate that respondent's home-making services were not considered in awarding marital property but only in considering the issue of maintenance. The value of a party's contribution as a homemaker is irrelevant in considering an issue of maintenance. (Ill. Rev. Stat. 1981, ch. 40, par. 504.) This case is not like *In re Marriage of Rothbardt* (1981), 99 Ill. App. 3d 561, 425 N.E.2d 1146, cited by respondent, where the issue before the court was the appropriate disposition of marital property and the trial court

remarked that it was not interested in the wife's cooking, cleaning, laundering, and dusting.

■■ ■ Respondent also contends that the trial court had insufficient evidence of the value of nonmarital property assigned to her to make a property award and suggests that we remand this case for further proceedings. The record indicates that hearings on property issues came before the trial court on April 28, 1982, and June 16, 1982; on January 10, 1983, a motion to reopen evidence was also heard and allowed. At the last hearing the parties stipulated to the death of respondent's mother and to the admission of appraisals of real estate and an inventory of probate and nonprobate assets. It was represented to the court that respondent took a one-seventh interest in 148 acres of farmland (although her brief indicated a one-fifth interest) valued in total at $267,840. Respondent was further to receive an undivided one-quarter interest in her mother's estate, shown as having assets in excess of $120,000. The exhibits also listed certain assets which had been held in joint tenancy between respondent and her mother, valued at more than $30,000. At that time the trial court indicated that "I think with this information I can make a determination unless, Mr. Stodd [respondent's attorney], you know of some additional evidence." Counsel responded that he knew of nothing and the matter was then submitted for decision. Respondent now takes the position that the court had insufficient evidence of value in the record and that the cause should be remanded to determine the amount of debts and expenses of administration of the estate.

There is no requirement under the Illinois Marriage and Dissolution of Marriage Act that the trial court place specific values on property awarded to the parties, but where evidence of value is not in the record, no means exist for the appellate court to review the trial court's exercise of discretion. Thus, reviewing courts have repeatedly emphasized that there must be competent evidence of value of both nonmarital and marital assets in the record. (*In re Marriage of Cuisance* (1983), 115 Ill. App. 3d 551, 450 N.E.2d 1302; *In re Marriage of Hapaniewski* (1982), 107 Ill. App. 3d 848, 438 N.E.2d 466; *In re Marriage of Boone* (1980), 86 Ill. App. 3d 250, 408 N.E.2d 96.) However, we recently noted in *In re Marriage of Mullins* (1984), 121 Ill. App. 3d 86, 458 N.E.2d 1360, that it is the obligation of the parties to present sufficient evidence of valuation to the trial court and that we will not continue to reverse and remand for further proceedings where the parties have had an opportunity to do so but have failed to offer any proof. Respondent had ample opportunity to present evidence on this issue or to request the court to continue the matter, and

was specifically asked if other evidence was warranted. Where, as here, the parties have stipulated to the admission of evidence of valuation, providing some evidence to review the trial court's exercise of discretion, further proceedings on remand are unnecessary. *In re Marriage of Hapaniewski* (1982), 107 Ill. App. 3d 848, 438 N.E.2d 466; *In re Marriage of Deem* (1984), 123 Ill. App. 3d 1019.

■ Finally, respondent maintains that the trial court erred in ordering her to pay petitioner $7,000, not having stated any reason for such distribution. It is readily apparent from examination of the supplemental judgment of dissolution of marriage that this portion of the order is directed to recompensing petitioner for funds from various savings and checking accounts—which the court found to be marital property—which respondent had converted into her name only, after the parties' separation. The total funds converted amounted to about $13,000 plus interest.

For the foregoing reasons, the judgment of the circuit court of Livingston County is affirmed.

Affirmed.

MILLER and WEBBER, JJ., concur.