*In re* MARRIAGE OF LYNNE OHRT, Petitioner-Appellee, and DANIEL OHRT, Respondent-Appellant.

Third District   No. 3—86—0508

Opinion filed April 6, 1987.—Rehearing denied May 21, 1987.

Duane J. O'Connor, of Kankakee, for appellant.

Sacks & Albrecht, of Kankakee (Adrienne W. Albrecht, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The issue in this appeal is whether the trial court abused its discretion when classifying and dividing the property of the parties upon a dissolution of marriage. The parties were married on August 30, 1975, and a judgment for dissolution was entered on April 16, 1985. The property divided by the trial court consisted of defendant's interest in a farming partnership with his two brothers, farmland, a residence, a doll collection, two vehicles, household goods and furnishings, a savings bond and the cash proceeds of a personal injury suit.

The trial court found that the farmland was an asset of the partnership and consisted of inherited land, clearly nonmarital, and 54 acres that plaintiff and defendant owned as tenants in common with the defendant's brother and sister-in-law. Further, that the 54 acres were transferred by deed by the plaintiff and the sister-in-law to a third brother for no consideration and, therefore, were marital prop-

erty. The court also found that although the home was purchased by defendant prior to the marriage, it was purchased with the intent and understanding that it was to be the marital home and that it was cared for by the plaintiff, which made it marital property. All other property divided by the trial court was also determined to be marital property except for some cash that each party obtained via settlement of a personal injury action.

The court ordered the property to be divided as follows. The plaintiff was to receive one-fourth of the value of the 54-acre tract, equalling $29,700. The defendant was awarded the marital residence and ordered to pay plaintiff $8,500 for her interest in said residence and defendant also to pay the remainder of the existing mortgage. The defendant was awarded the partnership interest in Ohrt Brothers, with the exception of one-half of defendant's one-third interest of the crops on hand as of June 19, 1985, equalling $10,440, which was awarded to the plaintiff. The plaintiff was awarded the Barbie Doll collection, with defendant being entitled to a $7,500 setoff against monies payable to plaintiff. The plaintiff was awarded all household items listed on plaintiff's exhibit No. 5 and all household items presently in her possession; defendant was awarded all remaining household items. Plaintiff was awarded a 1978 Camaro with defendant obligated to pay any remaining indebtedness encumbering said vehicle, and defendant to retain a 1982 Chevy pickup truck and pay all outstanding indebtedness encumbering the pickup. All cash deposits in plaintiff's name were awarded to plaintiff and all cash deposits in defendant's name were awarded to defendant. The savings bond of the parties was divided equally, and, lastly, all debts incurred by the parties during the marriage shall be paid by the defendant except those debts incurred by the plaintiff after her departure from the marital residence.

■ Initially, we note that the distribution of marital property is a decision within the sound discretion of the trial court, and a reviewing court should not reverse unless it reflects an abuse of discretion. (*In re Marriage of Rothbardt* (1981), 99 Ill. App. 3d 561, 425 N.E.2d 1146.) Moreover, if reasonable persons could differ as to the propriety of the result handed down by the trial court, then the decision of the trial court is not an abuse of discretion. *In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 398 N.E.2d 126.

Defendant maintains that the trial court abused its discretion, however, by awarding the plaintiff $29,700 as her one-fourth interest in the 54-acre tract of land owned by the Ohrt brothers. The undisputed evidence shows that when the property was originally purchased, the title-holders were Daniel Ohrt (defendant), Lynne Ohrt (plaintiff), one other

Ohrt brother and his wife. However, in the spring of 1984 the property was transferred from the two wives to a third Ohrt brother, who, for no consideration, became an undivided one-third owner of the property.

Defendant first argues that the trial judge should have considered the encumbrances on the property before awarding the plaintiff an award based on the fair market value of the property. Second, that the trial court should have considered plaintiff's share in the property solely as a partnership asset. In particular, defendant claims that since the partnership provided the funds to purchase the property and has since provided all of the payments on the mortgage, the property should be considered a partnership asset when awarding plaintiff's share of the marital estate.

■ We are of the opinion that the trial court did not abuse its discretion in awarding plaintiff a one-fourth share of the fair market value of the 54 acres. The evidence shows that the property was purchased by the two brothers and their wives as tenants in common. The two wives, one being Lynne Ohrt, later signed off their interests in the property, for no consideration, and another Ohrt brother was given an undivided one-third interest in the property. Had there been consideration given for the transfer of title, the result here may have differed. Defendant testified that all of the funds to purchase the property were furnished by the partnership. Nevertheless, the plaintiff still had some interest in the property at the time of transfer to the third brother and, therefore, the trial court's ruling that one-half of the value of the 54-acre tract was marital property is supported by the evidence and will not be overturned on review. "Even if the reviewing court disagreed with a trial court factual determination, or may have come to a different conclusion, the decision of the trial court will not be overturned if evidence supports the decision." *Dempsey v. Sternik* (1986), 147 Ill. App. 3d 571, 578, 498 N.E.2d 310, 314-15, citing *La Grange Metal Products v. Pettibone Mulliken Corp.* (1982), 106 Ill. App. 3d 1046, 436 N.E.2d 645.

Defendant also disputed the trial court's determination that the family residence is marital property. The record reveals that defendant purchased the house approximately two months before the parties were married by borrowing $3,000 for the down payment and mortgaging the remaining purchase price. Only the defendant's name appeared on the title to the property, the note and the mortgage. Therefore, defendant asserts, under section 503 of the Illinois Marriage and Dissolution of Marriage Act (IMDMA) (Ill. Rev. Stat. 1985, ch. 40, par. 503), that the house should be considered nonmarital property. We disagree.

Plaintiff cites two cases, *In re Marriage of Malters* (1985), 133 Ill.

App. 3d 168, 478 N.E.2d 1068, and *In re Marriage of Stallings* (1979), 75 Ill. App. 3d 96, 393 N.E.2d 1065, for the proposition that the residence was purchased in contemplation of marriage with marital funds and, therefore, should be classified as marital property. Both cases are analogous to the present situation.

In *Stallings,* the home was purchased with a down payment of $5,000 from the wife's nonmarital assets two months prior to the marriage. The parties took title in joint tenancy and the mortgage payments were thereafter made with marital funds. The court stated that "[o]ur new Marriage and Dissolution of Marriage Act does not arbitrarily categorize all property acquired prior to marriage as nonmarital property. Rather, section 503, we believe, is intended to protect such property as may have been purchased by one spouse prior to marriage entirely with his or her own funds." *In re Marriage of Stallings* (1979), 75 Ill. App. 3d 96, 99, 393 N.E.2d 1065, 1067.

■ In the present case, the record indicates that defendant never spent any money from personal funds accumulated prior to the marriage. The money used to pay the down payment was acquired by a loan and paid off with marital funds. Likewise, the mortgage payments have also been made with marital funds. We find it of no consequence that the property was purchased by defendant prior to the marriage or that title was solely in his name. Defendant admitted that the home was purchased with the idea that it would be the marital residence. Therefore, we consider the home to be marital property.

■ Defendant next asserts that in awarding plaintiff $10,440 from the partnership interest in crops on hand, the trial court improperly ignored partnership liabilities and defendant's nonmarital interest in the partnership. Defendant cites *In re Marriage of Wilson* (1982), 110 Ill. App. 3d 809, 443 N.E.2d 31, which states that the court must consider both the assets and liabilities of a partnership when determining the value of a partnership; further, that the method of determination should be the difference between the fair market value of the partnership's assets, both real and personal, and its liabilities. Therefore, defendant claims that the value of the partnership in this case is $29,833.92. Defendant reaches the figure of $29,833.92 in the following manner. Defendant argues that the net value of the partnership according to the method used in *Wilson* is $36,832; further, that the inherited 80-acre tract of land represents 19% of the net value and, thus, should not be included as a partnership asset, thereby reducing the net value of the partnership 19% to $29,833.92.

We agree that the appropriate method of valuing a partnership is to determine the difference between the fair market value of the assets

and the liabilities. However, in a dissolution proceeding, the trial court is not bound to divide the marital estate equally. (*In re Marriage of Aschwanden* (1980), 82 Ill. 2d 31, 411 N.E.2d 238.) Here, although the financial statement and testimony of the defendant indicate that the partnership had a value of $29,833.92, there is also indication that the defendant was to retain all other interests in the partnership including a monthly income and other benefits that are paid by the partnership, such as insurance; whereas, the plaintiff, after receiving her share of crops on hand, retains no interest in the partnership and no longer has the benefit of the monthly income. Therefore, the trial court's lump sum award to the plaintiff as her interest in the partnership was not an abuse of discretion.

■ The trial court valued the Barbie Doll collection at $15,000 and awarded it to the plaintiff with the defendant to receive a setoff in the amount owed to the plaintiff of $7,500. There was some dispute as to the actual value of the collection; however, the trial court's valuation appears to be justified in light of an insurance policy taken out on the collection for "$13,600 sum [*sic*] odd dollars."

■ Defendant also disputes the trial court's equal division of a $1,000 savings bond that he insists was a gift from his uncle and, therefore, nonmarital property. If the savings bond was indeed a gift from an uncle and was given solely to the defendant, it would be nonmarital property. Under section 503(b) of the IMDMA, property acquired after the marriage is presumed to be marital property unless it is property acquired by gift under section 503(a)(1). In order to overcome the presumption, proof that the property was a gift must be clear and convincing. *In re Marriage of Simmons* (1980), 87 Ill. App. 3d 651, 409 N.E.2d 321.

Defendant testified at trial that he had a savings bond which was a gift to him from his uncle. The line of questioning, however, immediately preceding the question about the savings bond was not directed at what assets defendant owned personally. Therefore, the trial court's determination that the savings bond be divided equally was not an abuse of discretion because the defendant failed to overcome the presumption of marital property by clear and convincing evidence that the savings bond was a gift to him personally.

Finally, the trial court awarded to each spouse all cash deposits in their individual names, the source of the money in such deposits being from settlement of defendant's personal injury suit. We find no dispute by the parties over this award and thus no further comment is necessary. We likewise find no other disputes in the trial court's property division.

744

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

BARRY, P.J., and HEIPLE, J., concur.