**UNITED STATES of America,**
**Plaintiff,**

v.

**Mark C. BURGE, Defendant.**

**In re Dianna L. Burge, Petitioner.**

No. 11–cr–30003.

United States District Court,
C.D. Illinois,
Springfield Division.

Dec. 19, 2011.

Asst. U.S. Atty. Patricia M. McInerney, Asst. U.S. Atty. Jason M. Bohm; U.S. Attorney's Office, Springfield, IL, for Government.

Michael J. Costello, Costello Law Office, Springfield, IL, for Petitioner.

## *ORDER*

RICHARD MILLS, District Judge:

The Government's Motion to Dismiss Third–Party Claim of Dianna L. Burge is ALLOWED.

Here are the reasons.

### I.

### A.

Defendant Mark C. Burge reported that he moved to 21143 South Standard City Road, Carlinville, Illinois in 1985. According to the Government, this property,[1] consisting of about 20 acres, was conveyed to Defendant by warranty deed recorded Au-

gust 13, 1990, and is titled solely in Defendant Burge's name. Defendant Burge reported that he purchased the mobile home that is on the property in 1993.

Petitioner Dianna L. Burge married Defendant Burge on June 28, 2007, and they resided together at the property as husband and wife.

On the morning of August 19, 2010, a search warrant was executed by the Illinois State Police at the property. During the search, 224 marijuana plants were recovered, in addition to small amounts of marijuana, drug paraphernalia, and several firearms. Both Defendant Burge and Petitioner Dianna L. Burge provided written statements to the officers.

Petitioner Dianna L. Burge stated the following in her written statement to the Illinois State Police:

> I have been married to Mark for 2 yrs. Even though I do not smoke pot, I knew about the growing of it. Recently I located old parafornalia [sic] that had @ one time cocaine in it. I put the bag in my purse to destroy. If tested I will be clean.

Voluntary Statement of Dianna L. Burge.

### B.

On January 4, 2011, a federal grand jury in the Central District of Illinois returned an indictment charging Defendant Burge with possessing marijuana with the intent to distribute. In addition, the indictment contained a Forfeiture Notice in relation to the subject property.

Defendant Burge conditionally pled guilty to the offense conduct and conditionally agreed to forfeiture on June 22, 2011, before U.S. Magistrate Judge Byron G.

---

1. A legal description of the property can be found at the following locations in the record: Indictment, Motion for a Preliminary Order of Forfeiture, Preliminary Order of Forfeiture, and Motion to Dismiss Third–Party Claim of Dianna L. Burge.

Cudmore. The plea of guilty was accepted by the undersigned on July 19, 2011.

On July 7, 2011, the Government filed its Motion for a Preliminary Order of Forfeiture, and the Court entered a Preliminary Order of Forfeiture on August 16, 2011.

Petitioner Dianna L. Burge filed her Claim of Third Party Interest on September 7, 2011. In that filing she admitted that Defendant Mark C. Burge is the sole owner of the subject property. However, Petitioner Dianna L. Burge claims that she "may have an interest in the property in the event of dissolution of marriage filed by Dianna L. Burge."

In the filing, Petitioner Dianna L. Burge makes the following arguments:

[ ] In the Illinois Marriage and Dissolution Act 5/503(d)(1) the statute provides for the contribution of each party to the acquisition, preservation, or increase or decrease in value of the marital or non-marital property. § 5/503(2) further provides that the consideration is to be given of the dissipation by each party of the marital or non-marital property. Dianna L. Burge may be awarded pursuant to these provisions proceeds of the property sought to be forfeited.

[ ] In addition, Dianna L. Burge in any action dissolution of marriage maybe [sic] awarded maintenance pursuant to 750 ILCS 5/504, et seq pursuant to the Illinois Marriage and Dissolution Act which maintenance payments could or might be paid from the proceeds of the sale of the Defendant's personal and real estate property.

[ ] The Third Party Claimant is innocent of wrong doing and had no knowledge of the Defendant's action pertaining to the growing of marijuana upon the real estate.

Claim of Third Party Interest.

Defendant Burge's sentencing hearing was held on October 24, 2011, and he was sentenced to 120 months imprisonment and eight years of supervised release. In addition, the Court ordered that Defendant Burge shall forfeit his interest in the property.

The Government filed its Motion to Dismiss Third–Party Claim of Dianna L. Burge on November 21, 2011. In the Motion, the Government argues that Petitioner Dianna L. Burge's claim should be dismissed because the claim does not comply with the requirements of 21 U.S.C. § 853(n)(3), and because the Petitioner has failed to meet the grounds listed in § 853(n)(6). The Petitioner did not file a response to the Government's Motion to Dismiss.

## II.

### A.

This matter is an ancillary proceeding pursuant to Federal Rule of Criminal Procedure 32.2(c). While this ancillary proceeding arises out of a criminal case, it is more like a civil proceeding. *See United States v. Moser,* 586 F.3d 1089, 1092–94 (8th Cir.2009) (collecting cases).

In general, when a properly-filed third party petition is filed, the district court will hold a hearing to determine whether the petitioner is entitled to relief. *See* 21 U.S.C. § 853(n)(2). However, the court may forgo the hearing and dismiss the petition (1) if the petitioner lacks standing, (2) if the petitioner has failed to state a claim upon which relief can be granted, or (3) for any other lawful reason. *See* Fed. R.Crim.P. 32.2(c)(1)(A).

### B.

The Government has argued that the Dianna L. Burge's Claim should be dismissed because it does not comply with the requirements of § 853(n)(3):

The petition *shall be signed by the petitioner under penalty of perjury* and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3) (emphasis added).

■ In this case, Petitioner Dianna L. Burge did not sign her Claim, and there was no certification that the information was submitted under penalty of perjury. Instead, the filing was signed only by counsel. The Government raised this issue in its Motion to Dismiss, and Petitioner Dianna L. Burge failed to respond.

■ Federal courts require strict compliance with the pleading requirements of § 853(n)(3), primarily because there is a substantial danger of false claims in forfeiture proceedings. *See United States v. Speed Joyeros, S.A.*, 410 F.Supp.2d 121, 124 (E.D.N.Y.2006); *United States v. Loria*, No. 3:08cr233–2, 2009 WL 3103771, at *2 (W.D.N.C. Sept. 21, 2009).

The importance of having the petition signed by the petitioner under penalty of perjury is apparent from the facts of this case. The Claim of Third Party Interest states that Petitioner Dianna L. Burge was unaware of her husband's activities, but this is completely at odds with the written statement she provided the State Police. On the morning of the search, she admitted that she knew that Defendant Mark Burge was growing marijuana on the premises.

Therefore, the Court will dismiss the Claim of Third Party Interest for failure to comply with the requirements of § 853(n)(3).

### C.

In any event, Petitioner Dianna L. Burge's claim must be dismissed because it fails to state a claim upon which relief can be granted.

To prevail, the petitioner must establish by a preponderance of the evidence that—

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

21 U.S.C. § 853(n)(6).

■ In this case, there is no allegation that Petitioner Dianna L. Burge is a bona fide purchaser for value. So, the issue is whether she could qualify under 21 U.S.C. § 853(n)(6)(A). The Court looks to Illinois law to determine property rights in this context. *See United States v. Salti*, 579 F.3d 656, 668–69 (6th Cir.2009); *see also United States v. Marx*, 844 F.2d 1303, 1305 (7th Cir.1988).

### 1.

Under § 853(n)(6)(A), Petitioner Dianna L. Burge would have to prove either (1) that the interest in the property was vested in her rather than in the Defendant, or (2) that her interest is superior to that of the Defendant.

At no point in the Claim of Third Party Interest does Petitioner Dianna L. Burge

make either of these allegations. Instead, she argues that she may have an interest if she files for divorce. She never argues that her interest was superior to that of the Defendant or that her interest supplanted that of the Defendant. Therefore, even if her Claim was factually and legally correct, she would not be entitled to relief because she does not claim a superior interest.

### 2.

In addition, a successful petitioner must demonstrate that the superior right, title, or interest was vested in the petitioner "at the time of the commission of the acts which gave rise to the forfeiture of the property." 21 U.S.C. § 853(n)(6)(A). So, the date in question would be the date listed in the indictment—August 19, 2010.

In the Claim of Third Party Interest, Petitioner Dianna L. Burge does not argue that her purported interest had vested on or before August 19, 2010. Rather, she argues that she currently has a prospective interest, because she "may have an interest in said property in the event of dissolution of marriage filed by Dianna L. Burge." [2] However, such an interest would only vest at the time of the marriage is dissolved, and would not have been in existence on August 19, 2010. *See United States v. Toma*, No. 94 CR 333, 1997 WL 467280, at *2–3 (N.D.Ill.1997).

Petitioner Dianna L. Burge cannot argue that she had an inchoate dower interest in the property, because Illinois abolished dower rights in the 1970s. *See* 755 ILCS 5/2–9.

Therefore, it is apparent that Petitioner Dianna L. Burge has failed to meet the temporal requirement of 21 U.S.C. § 853(n)(6)(A).

---

**2.** The Court notes that there is no indication in the record that, to date, Petitioner Dianna

### 3.

■ Finally, Petitioner Dianna L. Burge's claim fails because, as a matter of law, the subject property is not marital property. In Illinois, " 'marital property' means all property acquired by either spouse subsequent to the marriage, except the following, which is known as 'non-marital property': ... property acquired before the marriage." 750 ILCS 5/503(a)(6); *see also In re Marriage of Demar*, 385 Ill.App.3d 837, 850, 325 Ill.Dec. 74, 897 N.E.2d 322 (2008). The purpose of this exemption is to "protect such property as may have been purchased by one spouse prior to marriage entirely with his or her own funds." *Stallings v. Stallings*, 75 Ill. App.3d 96, 99, 30 Ill.Dec. 718, 393 N.E.2d 1065 (1979).

In this case, the Defendant owned and resided at the subject property for more than a decade before he married Petitioner Dianna L. Burge. When the search warrant was executed, the Defendant and the Petitioner had been married for just over three years. Accordingly, the Court concludes that Petitioner Dianna L. Burge does not have a marital interest in the property.

### III.

In sum, the Court has determined that Petitioner Dianna L. Burge's Claim of Third Party Interest is subject to dismissal because it fails to comply with the requirements of § 853(n)(3), and because it fails to state a claim upon which relief may be granted. As a result, the Court will not hold an evidentiary hearing under 21 U.S.C. § 853(n)(2). *See* Fed.R.Crim.P. 32.2(c)(1)(A).

---

L. Burge has taken any formal action to dissolve her marriage.

*Ergo,* the Government's Motion to Dismiss Third–Party Claim of Dianna L. Burge is ALLOWED.

Petitioner Dianna L. Burge's Claim of Third Party Interest is DISMISSED.

The Government is directed to submit a proposed final order of forfeiture on or before January 10, 2012.

IT IS SO ORDERED.